UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D., PH.D., and ) <br> JOHN DOE, M.D., PH.D., P.L.L.C., ) <br>     Plaintiffs, ) <br>   v. ) <br> JUDITH RODGERS, ) <br> Department of Health and Human Services, *et al.*, ) <br>     Defendants. ) | Civil Action No. 12-1229 (TFH) |

## **RESPONSE ABOUT PROPOSED WITHHOLDINGS IN MEMORANDUM OPINION**

Per the Court's September 10, 2020, Order, defendants respectfully submit their views about withholdings from the Court's presently-sealed Memorandum Opinion of that same date.

No portion of the Memorandum Opinion should be withheld from the public. There is a "strong presumption in favor of public access to judicial proceedings." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). Plaintiff[1] cannot demonstrate that his privacy interest in any part of the Memorandum Opinion is sufficient to overcome this strong presumption in favor of transparency. *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (stating factors to be weighed for sealing or redaction of judicial records). The Memorandum Opinion includes no factual information that is not already in the public record elsewhere. Indeed, as the Court observed during a hearing on October 24, 2013, plaintiff filed in his own name a "verified complaint . . . in the federal court in New York" stating many of the facts of this case. Tr. of Oct. 24, 2013 Hr'g at 20:3-4 (ECF No. 57). Moreover, since that time plaintiff has filed a Freedom of Information Act ("FOIA") lawsuit in this Court in his own name seeking records concerning this litigation and other related facts, and he continues to pursue in his own name in New York Supreme Court a case against the hospital in question and

---

[1] As the Court noted, Dr. Doe's Limited Liability Company cannot proceed *pro se*. That plaintiff has abandoned this litigation. This filing accordingly only refers to the singular "plaintiff."

its current and former employees. Given the very extensive facts that plaintiff himself has put on the public record elsewhere, he cannot plausibly assert that there are factual matters in the Court's Memorandum Opinion that must be withheld.[2]

There exists in our nation's common law a tradition of public access to the records of judicial proceedings. *See United States v. Hubbard*, 650 F.2d 293, 314 (D.C. Cir. 1980). The Court of Appeals has declared the public's "common law right to inspect and copy judicial records [to be] indisputable." *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981). The D.C. Circuit has further emphasized that "this common law right is not some arcane relic of ancient English law. To the contrary, the right is fundamental to a democratic state." *United States v. Mitchell*, 551 F.2d 1252, 1258 (D.C. Cir. 1976), *rev'd on other grounds sub nom. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). The Court of Appeals explained that the right of access, like the First Amendment, assures a well-informed public opinion, permits the public to monitor the courts, and promotes confidence in the court system's fairness and justice. *Id.*

This Court has previously "remind[ed] the plaintiffs that—notwithstanding the fact that the Court ha[d], for the time being, permitted some materials in this case to be filed under seal and the plaintiffs to proceed under pseudonym—this is a public case. . . . [A]s to the materials that the Court previously sealed or that the Court may seal in the future, the Court urge[d] the parties to keep in mind the likelihood that these materials will—to the extent necessary in light of 'this country's common law tradition of public access to records of a judicial proceeding,' *United States v. Hubbard*, 650 F.2d 293, 314 (D.C. Cir. 1980)—later be unsealed and become

---

[2] Defendants normally would consider urging a court to withhold certain personal facts about a practitioner, patient, or others that are contained in the National Practitioner Data Bank ("NPDB") if they are not publicly known. Given the breadth and detail of plaintiff's public submissions here and elsewhere, however, there are no non-public facts in the Memorandum Opinion.

public." Order at 3-4 of Oct. 9, 2015 (ECF No. 97).  With multiple overlapping lawsuits brought currently or formerly in his own name by plaintiff, and with the proceedings in this Court at an end, the time to open this case so the public can more fully examine its facts is now.

"[T]he court must give appropriate weight and consideration to the presumption however gauged in favor of public access to judicial records." *Nat'l Broad.*, 653 F.2d at 613. In determining whether sealing or redacting is proper, this Court considers several factors: (1) the need for public access to the documents; (2) the extent of previous public access to the documents; (3) the fact that someone objects to the discourse and the strength of the claimed interest; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to any party opposing the seal; and (6) the purposes for which documents will be introduced during the judicial proceedings.  *Hubbard*, 650 F.2d at 317-22.

These factors tilt heavily in favor of not withholding any parts of the Memorandum Opinion, and indeed they strongly support ending plaintiff's pseudonymous treatment, as well.

First, for reasons apparent in the Memorandum Opinion (which presently is sealed, and which defendants therefore cannot discuss in any detail in this unsealed filing), the public needs to know the underlying facts in order to properly and fully understand the Court's opinion.

Second, the public already has had extensive access to the records concerning plaintiff's inclusion in the NPDB.  This Court has noted that plaintiff has previously brought suit against the hospital.  *See Doe v. Rogers*, 139 F. Supp. 3d 120, 129 n.4 (D.D.C. 2015).  Plaintiff himself has put on the public record in this suit documents that readily reveal his identity.  *E.g.*, ECF No. 127-5 at 2 (cover page of Dec. 7, 2016 dep. of J. Hoil, R.N., in *[Redacted] v. Peconic Bay Med. Ctr., et al.*, No. 650921/2012 (N.Y. Sup. Ct. (N.Y. Cnty.)); *see also, e.g.,* Proposed Am. Compl., Dkt. No. 167, No. 650921/2012 (N.Y. Sup. Ct. (N.Y. Cnty. filed Jan. 29, 2017)) (revealing

plaintiff's name, home address, and numerous other facts), *available at* https://iapps.courts.state.ny.us/webcivil/FCASMain.  Indeed, plaintiff has put, without withholding his identity, a profound amount of information on the public record in the New York Supreme Court suit, which, as of October 14, 2020, contains 1,233 docket entries and hundreds of exhibits.  Moreover, for reasons not known to undersigned counsel, on the very first LexisNexis screen when one retrieves this Court's 2015 opinion by entering its Federal Supplement citation, LexisNexis lists a single case as the "PRIOR HISTORY" of this litigation, and that case citation identifies plaintiff by name in a New York Appellate Division suit.  Therefore, preventing public access in this suit to facts and records already publicly available elsewhere serves little purpose.

Third, the government objects to withholding any factual material, as well as plaintiff's continued pseudonymous treatment.  It bears noting that, at the time the Court permitted plaintiff to proceed anonymously, the government had not yet even appeared in this suit.  In all events, it is Department of Justice policy to litigate publicly if possible, for reasons like those articulated by the Court of Appeals for why courts must, where possible, provide for litigation to proceed in public.  *See* 28 C.F.R. § 50.9 (recognizing "vital public interest in open judicial proceedings," establishing "general overriding affirmative duty to oppose their closure" and "foresee[ing] very few cases in which closure would be warranted"); *id.* § 50.9(b) ("A Government attorney has a compelling duty to protect the societal interest in open proceedings.").

Fourth, although in other circumstances a physician like plaintiff might have an interest in keeping private the facts that appear in an NPDB report, here plaintiff has waived his right to keep such facts private by revealing them and openly providing his identity when it suits him strategically in other litigation, even though he has attempted at times (though often ineffectually, as noted above) to keep certain such details private here.

Fifth, there is prejudice to the government and, even more importantly, to the public from allowing Dr. Doe to continue to keep materials sealed and to litigate pseudonymously. The public has a strong interest in understanding the facts that animate plaintiff's challenges to his inclusion in the NPDB and in understanding how those facts intersect with the Court's analysis. Withholding such facts would inhibit full public understanding of the Court's reasoning and would therefore prejudice the public. *See Nat'l Children's Ctr.*, 98 F.3d at 1409 (when the government is a party to a lawsuit, it "strengthens the already strong case for access"). Moreover, in the absence of public availability of such facts, plaintiff may seek to call into question the justifications for this Court's decisions and the government's conduct in this case and the underlying administrative proceedings.

Sixth and finally, the factual material at issue here is referenced not for any improper purpose, but to explain the government's actions and the Court's bases for ruling as it did.

In sum, each of the *Hubbard* factors strongly favors not sealing any material in the Court's Memorandum Opinion.

As for plaintiff's continued pseudonymous treatment, the Court of Appeals recently reiterated that such treatment must be a "'rare dispensation.'" *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995)). It is an unusual case where a plaintiff can overcome "'the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* (quoting *Microsoft*, 56 F.3d at 1463). The courts consider five non-exhaustive factors:

> [1]     whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

[2]   whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

[3]   the ages of the persons whose privacy interests are sought to be protected;

[4]   whether the action is against a governmental or private party; and, relatedly,

[5]   the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 326–27 (quoting *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019)).  For reasons akin to those discussed above, none of these factors counsels in favor of permitting plaintiff to remain anonymous any longer, especially not in the Memorandum Opinion that resolved this case.

Plaintiff's justifications for retaining anonymity are fundamentally undercut by the preexisting, wide public availability of facts underlying this litigation arising from plaintiff's strategic public revealing of them in his other litigation.  In light of his own public disclosure of such facts, he cannot plausibly contend that continued pseudonymous treatment here is necessary in order to protect against "a substantial risk of privacy injury that *would* occur." *Id.* at 327. Privacy issues warranting pseudonymous treatment "commonly involve[] intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors," none of which are at issue here as to Dr. Doe.  *Id.* at 327-28 (citing abortion and sexual abuse of minors cases, and rejecting "hypothesized harms" that assertedly "could" occur).

Moreover, plaintiff chose to bring a threshold challenge to a government program, and in doing so, he put directly at issue facts concerning his involvement in the underlying government proceedings.  *Id.* at 328 ("there is a heightened public interest when an individual or entity files a suit against the government").  "Th[e] public interest is intensified when, as here, the party

6

asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward." *Id.* at 329.

Plaintiff's justification for pseudonymous treatment appears to be to safeguard his "'reputational or economic interests,'" which "'courts consistently have rejected'" as a basis for pseudonymous treatment. *Id.* at 328 (citation omitted). Further, as explained above, it would be unfair to the government to continue to allow plaintiff to litigate anonymously while depriving the government and the public of the opportunity to fully and openly examine the issues involved in this case. Accordingly, when the Court publicly releases its opinion, it should provide Dr. Doe's real name, just as it should not withhold any factual material. This is a similar outcome to that recently required by the Court of Appeals, which, "[w]eighing the markedly thin showing of potential injury by the [plaintiff] against the substantial public interest in transparency and openness in cases involving the government's administration of an important statutory and regulatory scheme," rejected a petitioner's request to proceed pseudonymously. *Id.* at 330.

## CONCLUSION

The Court should not redact any parts of its September 10, 2020, Memorandum Opinion. Further, the Court should replace references to Dr. Doe in its Opinion with plaintiff's real name.

    Respectfully submitted,

    MICHAEL R. SHERWIN
    Acting United States Attorney

    DANIEL F. VAN HORN, D.C. Bar # 924092
    Chief, Civil Division

By: /s/_____
    PETER C. PFAFFENROTH, D.C. Bar # 496637
    Assistant United States Attorney
    555 Fourth St., N.W.
    Washington, D.C. 20530
    Phone: (202) 252-2513
    Email: peter.pfaffenroth@usdoj.gov
    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of October 2020, I caused a true and correct copy of the foregoing document to be served upon plaintiff by email, as agreed by the parties.

                                        /s/ Peter C. Pfaffenroth
                                        PETER C. PFAFFENROTH