UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE, *et al.*,

                Plaintiffs,

v.                                       Civil Action No.  12-01229 (TFH)

JUDITH ROGERS, M.H.A., *et al.*,

                Defendants.

## MEMORANDUM OPINION & ORDER

Pending before the Court is the defendants' request to remove the pseudonymous treatment of the plaintiff's name from this Court's September 10, 2020 Memorandum Opinion [ECF No. 139]. The defendants ask that the Court replace references to "Dr. Doe" with the plaintiff's real name. Resp. About Proposed Withholdings In Mem. Op. at 5-7 ("Defs.' Resp.") [ECF No. 137]. The plaintiff opposes the request. Pl.'s Opp'n to Defs.' Mot. to Remove the Pseudonymous Status of the Case ("Opp'n") [ECF No. 140]. The plaintiff contends that removing the pseudonymous status will destroy his chances of ever securing employment as a cardiac surgeon in the United States. Opp'n at 2 [ECF No. 140]. He also argues that, because Peconic Bay Medical Center fraudulently submitted his name to the National Practitioner Data Bank ("NPDB"), removing the pseudonymity of this case would compound that fraud by exposing it to the public. *Id*. at 15. Alternatively, the plaintiff requests that the Court stay its decision on pseudonymity "pending" a decision from the D.C. Circuit on the same issue. *Id*. For

the reasons set forth below, the Court finds that it is appropriate to remove the pseudonymous treatment of the plaintiff's name from this Court's September 10, 2020 memorandum opinion.

## **Legal Standard**

The "presumption of openness in judicial proceedings is a bedrock principle of our judicial system" and thus parties who seek to proceed under pseudonym seek a "rare dispensation" from the Court. *In re Sealed Case*, 971 F.3d 324, 325-26 (D.C. Cir. 2020) (quotation omitted). "The presumption of openness is both 'customary and constitutionally-embedded[.]'" *Id*. at 326 (quoting *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019)); *see also United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). With these principles in mind, the party seeking pseudonymity "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. "Speculative assertions of harm will not suffice." *Id*.

Once the movant fulfills its heavy burden of showing a legitimate need for secrecy, the court must then "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 96. The following five non-exhaustive factors serve as "guideposts from which a court ought to begin its analysis":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and, relatedly,

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*In re Sealed Case*, 931 F.3d at 97 (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). The court's inquiry is "necessarily flexible and fact-driven." *In re Sealed Case*, 971 F.3d at 326.

## Discussion

The plaintiff generally asserts that he would be harmed by "the linkage of [plaintiff's] name in a very public manner to the NPDB report." Opp'n at ¶ 25. The defendants counter that much of this information is already publicly available in other lawsuits initiated by the plaintiff, that the public has a heightened interest in lawsuits challenging governmental programs, and that the plaintiff's justifications for continued pseudonymity are outweighed by the countervailing interests favoring full disclosure. The Court agrees.

*First*, the Court considers whether the justification is to avoid annoyance or to preserve privacy in a sensitive or highly personal matter. The plaintiff states that public linkage of his name with the NDPB report would jeopardize his "little remaining chance…of ever securing employment a cardiac surgeon in the United States." Opp'n at ¶ 1. However, it is unclear how maintaining pseudonymity here would "preserve privacy" when the facts underlying this case have already been publicly disclosed by the plaintiff in other lawsuits initiated by the plaintiff. *See* Defs.' Resp. at 3-4 (discussing New York State case filings). Moreover, even putting aside the already publicly available information, the plaintiff's asserted privacy concerns "'bear no resemblance to those types of intimate or sensitive personal information' that are traditionally recognized under this factor, 'such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors.'" *Doe v. Bogan*, 542 F. Supp. 3d 19, 23 (D.D.C. 2021) (quoting *In re Sealed Case*, 971 F.3d at 327)). Lastly, the plaintiff's concerns about potential career harm are more akin to "annoyance and criticism that may attend any

3

litigation." *See Bogan*, 542 F. Supp. 3d at 23 (finding that the plaintiff's concerns about career harms and embarrassment in the community are "annoyance and criticism that may attend any litigation"). This factor thus weighs in favor of disclosure.

***Second***, identification does not pose any risk of retaliatory physical or mental harm to the plaintiff or to innocent non-parties. The plaintiff alleges that he will not be able to practice medicine in the United States if his name is revealed. But economic harm does not suffice under this factor. *See In re Sealed Case*, 971 F.3d at 328 ("The asserted injuries are purely economic, and speculative at that."). This factor, too, weighs in favor of disclosure.

***Third***, the plaintiff's age is not an issue in this matter; he is an adult.

***Fourth***, this action is against a governmental entity. The plaintiff has sued the government about its conduct in maintaining and sharing reports submitted by hospitals regarding the medical practice of physicians, which weighs heavily in favor of removing pseudonymity. *See id.* at 329 (noting that "[a]s many courts have recognized, there is a heighted public interest when an individual . . . files a suit against the government").

***Fifth***, there is an ongoing risk of unfairness to the government to allow the plaintiff to continue to proceed pseudonymously in light of the plaintiff's allegations. In the plaintiff's filings in connection with this dispute alone, the plaintiff disparages government employees while proceeding pseudonymously. *See* Opp'n at 2 (claiming that the "bureaucrats" at the NPDB have asked that pseudonymity be removed "[i]n an act of pure vindictiveness" because his lawsuit "endangers their cushy sinecure as administrators of the NPDB" and that they are "paid 6-figure salaries" to "rubberstamp" reports submitted by hospitals). This factor thus weighs in favor of disclosure.

4

In sum, having considered the defendants' request to replace references to Dr. Doe with the plaintiff's name in the Court's September 10, 2020 Memorandum Opinion [ECF No. 137], the plaintiff's opposition thereto [ECF No. 140], and the entire record herein, and for the reasons set forth above, the Court hereby grants the defendants' request. A copy of the September 10, 2020 Memorandum Opinion that replaces references to "Dr. Doe" with the plaintiff's real name will be filed on the public docket.

SO ORDERED.

February 2, 2023

_____

Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE